THE STATE v. CHARLES SHOCKLEY, S. A. KELLER and J. B. McCOLLOUCH, Appellants.

Division Two, February 2, 1909.

**RECOGNIZANCE: No Bill of Exceptions.**  Where the appellants entered into a recognizance for the appearance of the principal at court, and, upon his failure to appear, the recognizance was forfeited, and *scire facias* issued, and the sureties were served with process, but not the principal, and the proceeding was dismissed as to him, and upon the answer of the sureties, judgment was entered against them, for the amount of the penalty, and they appeal, but file no bill of exceptions, the record proper being according to law and free from error, the judgment will be affirmed.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *Frank Blake,* Assistant Attorney-General, for the State.

FOX J.—This is an appeal by the defendants from a final judgment of the circuit court of Jasper county against defendants S. A. Keller and J. B. Mc-Collouch, who were sureties upon a recognizance of the defendant Charles Shockley.

The record discloses that on January 30, 1908, the circuit court of Jasper county ordered the forfeiture of recognizance given by Charles Shockley, as principal, and S. A. Keller and J. B. McCollouch, as sureties, to secure the presence of said principal before said court at the January term, 1908; *scire facias* was ordered to issue against the defendant and his sureties, and they were ordered to show cause why said judgment of forfeiture should not be made absolute. Said *scire facias* was duly issued upon January 30, 1908, and served upon the two sureties, S. A. Keller and J. B. McCollouch, but diligent search on the part of the sheriff failed to find the principal, Charles Shockley. The prosecuting attorney then dismissed as to defendant Charles Shockley, who was discharged by the court. The sureties, S. A. Keller and J. B. Mc-Collouch, filed a plea to the *scire facias* upon the 24th of April, 1908, denying each and every allegation therein contained.

The cause coming on for hearing, the court found the issues in favor of the State of Missouri, and ordered the judgment made final and absolute, and execution to issue against said sureties for the amount of the recognizance, to-wit, $1,000, and the costs of the suit.

Within due time a motion for new trial was filed, which was overruled. A motion in arrest was also filed and overruled. An appeal was then prayed for and granted to this court.

The record before us fails to disclose any bill of exceptions preserving the objections and exceptions to the action of the court during the progress of this proceeding, hence there is nothing before us for consideration except the record proper.

An examination of the record proper discloses that upon the failure of the defendant to appear before the circuit court to answer the criminal charge there pending against him, the recognizance, which was in due form, entered into by. the defendant, was, by order of the court, duly forfeited, *scire facias* in proper form was duly issued and the defendants were properly served and the return of such service duly made by the proper officer. At the April term, 1908, of the circuit court of Jasper county, the defendants, S. A. Keller and J. B. McCollouch, filed their answer, putting in issue the question as to their liability upon such recognizance. The prosecuting attorney dismissed the cause as to Charles Shockley, and the trial court upon a hearing rendered judgment against the other two defendants for the sum of one thousand dollars, being the penalty for the recognizance forfeited.

The judgment appears to be in proper form, and as herein indicated the entire record is regular, and there being nothing before us but the record proper, the judgment of the trial court should be affirmed, and it is so ordered.

All concur.